

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-18-2005

# Kerpi v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2187

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Kerpi v. Atty Gen USA" (2005). *2005 Decisions.* Paper 834.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/834

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-2187

STOLI KERPI,

Petitioner

v.

*ALBERTO R. GONZALES, ATTORNEY GENERAL
OF THE UNITED STATES OF AMERICA;
SECRETARY OF THE DEPARTMENT OF
HOMELAND SECURITY,

Respondents

*(Pursuant to F.R.A.P. 43(c))

_____

On Appeal from a Final Order by
Board of Immigration Appeals
Immigration No.: A95-151-352

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 6, 2005

Before: McKEE, SMITH and VAN ANTWERPEN, *Circuit Judges*

(Filed: July 18, 2005)

_____

OPINION OF THE COURT

_____

SMITH, *Circuit Judge*.

Stoli Kerpi filed a timely petition for review of the decision of the Board of Immigration Appeals ("BIA") affirming the denial by the Immigration Judge ("IJ") of her application for asylum, withholding of removal and relief under the Convention Against Torture ("CAT").[1] Kerpi's petition for review also challenged the determination that she had filed a frivolous asylum application under 8 U.S.C. § 1158(d)(6). For the reasons set forth below, we will grant Kerpi's petition for review solely on the frivolousness finding.

Kerpi, a native and citizen of Albania, was served by the Immigration and Naturalization Service ("INS") with a Notice to Appear on October 12, 2001, charging her with removal under § 212(a)(6)(A)(1) as an unadmitted alien. In response, Kerpi filed an application for asylum, withholding of removal and relief under the CAT alleging that she had been persecuted because of her family's anticommunist beliefs and her involvement with the Democratic Party in the 1990s. In a statement appended to her application, Kerpi averred that she had been seized on three separate occasions in July 1997, September 1998 and April 1999, detained for a period of time, and assaulted by police who were loyal to the Socialist Party. In September 2000, Kerpi asserts she was seized by the police chief and instructed to throw the election to the Socialist Party or she "would disappear without leaving any trace." Faced with this threat, Kerpi's application indicates she fled to the United States.

---

[1]The IJ had jurisdiction pursuant to 8 C.F.R. § 1208.2(b). The BIA exercised jurisdiction under 8 C.F.R. § 1003.1(b). Appellate jurisdiction exists under 8 U.S.C. § 1252(b)(4).

Kerpi's testified before the IJ about the incidents recited in the statement appended to her asylum application. Kerpi's recall with regard to the timing of these events was anything but reliable. Indeed, as the IJ pointed out, there were numerous discrepancies between her testimony and her written statement. In addition, Kerpi testified that a police officer "threw acid at me and my skin was burned and . . . my hair became lighter." She also stated that a screwdriver had hit her head and she couldn't see from her right eye. Despite the seriousness of these allegations, neither incident was mentioned in Kerpi's statement appended to her asylum application.

The IJ concluded that Kerpi's asylum claim was untimely under 8 U.S.C. § 1158(a)(2)(B). Accordingly, he treated Kerpi's application as a request for withholding of removal and relief under the CAT. Because the IJ found Kerpi was not credible, he denied both of these claims. In addition, the IJ concluded that Kerpi's claim was frivolous under 8 U.S.C. § 1158(d)(6), and that she was ineligible for voluntary departure.

Kerpi appealed to the BIA. During the pendency of her appeal, Kerpi's counsel filed a motion for remand. Appended to the motion was documentation of Kerpi's psychiatric history of which counsel had been unaware. He asserted that remand was warranted so her credibility could be considered in light of her disorder. The BIA adopted the IJ's findings regarding Kerpi's eligibility for asylum and withholding of removal, as well as the frivolous application finding. In addition, the BIA denied Kerpi's motion for remand because the documentation of her psychiatric disorder was not new

3

evidence. A timely petition for review followed.

Contrary to Kerpi's assertions, we do not have jurisdiction to review an IJ's determination that an asylum application was untimely filed and that there were no extraordinary circumstances tolling the limitations period. *Tarrawally v. Ashcroft*, 338 F.3d 180, 185 (3d Cir. 2003) (citing 8 U.S.C. § 1158(a)(3)). Nor do we need to consider Kerpi's request for relief under the CAT inasmuch as she has not addressed the merits of that claim in her brief filed with this Court. *See Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993) (observing that appellants must set forth the issues raised on appeal and present an argument in support thereof, or the issues will be waived).

Thus, we review the BIA's denial of Kerpi's claim for withholding of removal under 8 U.S.C. § 1231(b)(3)(A). This provision precludes removal of an alien "if the Attorney General decides that the alien's life or freedom would be threatened in that country because of the alien's . . . political opinion." 8 U.S.C. § 1231(b)(3)(A). To obtain relief under this provision, an alien must establish by a "clear probability" that his life or freedom would be threatened in the proposed country of deportation. *INS v. Stevic*, 467 U.S. 407, 413 (1984). This "requires that an application [for withholding of deportation] be supported by evidence establishing that it is more likely than not that the alien would be subject to persecution on one of the specified grounds." *Id.* at 429. This standard is more demanding than the standard required to show a well-founded fear of persecution to obtain a discretionary grant of asylum. *Balasubramanrim v. INS*, 143 F.3d

4

157, 161 n.8 (3d Cir. 1998) (citing *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-31 (1987)).

Whether an alien has demonstrated that he would be persecuted if returned to his native country is a finding of fact subject to review under the deferential substantial evidence standard. *Gao v. Ashcroft*, 299 F.3d 266, 272 (3d Cir. 2002). In *Dia v. Ashcroft*, 353 F.3d 228, 249 (3d Cir. 2003)(en banc), we reiterated that the substantial evidence standard also applies to adverse credibility determinations. Our focus is on whether the adverse credibility finding "is supported by evidence that a reasonable mind would find adequate" to support that determination. *Id.* This requires that we determine whether a reasonable fact finder could make the same determination as the agency based on the administrative record. *Id.* If so, there is substantial evidence to support the finding. *Id.*

We conclude that there is substantial evidence to support the adverse credibility finding. The IJ, whose findings were adopted by the BIA, explained that he found Kerpi not credible based on the numerous inconsistencies in her testimony regarding the alleged beatings and when they occurred, and the fact that her story changed significantly at the hearing when she asserted that acid had been thrown on her and that a screwdriver had been used to hit her head causing temporary visual problems.

Kerpi also asserts that the BIA erred in finding that she submitted a frivolous application under 8 U.S.C. § 1158(d)(6), which provides:

5

If the Attorney General determines that an alien has knowingly made a frivolous application for asylum and the alien has received the notice under paragraph (4)(A), the alien shall be permanently ineligible for any benefits under this chapter, effective as of the date of a final determination on such application.

8 U.S.C. § 1158(d)(6); Publ. L. 104-208, Div. C, Title VI, § 604 (September 30, 1996).

Although "frivolous" is not defined by the statute, an implementing regulation requires that a finding of frivolousness must be supported by certain factual determinations:

an applicant is subject to the provisions of section 208(d)(6) of the Act only if a final order by an immigration judge or the Board of Immigration Appeals specifically finds that the alien knowingly filed a frivolous asylum application. For purposes of this section, an asylum application is frivolous if any of its material elements is deliberately fabricated. Such finding shall only be made if the immigration judge or the Board is satisfied that the applicant, during the course of the proceedings, has had sufficient opportunity to account for any discrepancies or implausible aspects of the claim.

8 C.F.R. § 208.20 (2000) (hereinafter cited as "Reg. § 208.20").

The "knowingly" requirement contained in both the statute and the regulation, suggests that a frivolous finding may not be made simply on the basis of an adverse credibility determination. 8 C.F.R. § 1158(d)(6); Reg. § 208.20. Indeed, in *Muhanna v. Gonzales*, 399 F.3d 582, 589 (3d Cir. 2005), we declared that under § 208.20 a "finding of frivolousness does not flow automatically from an adverse credibility determination . . . ." Moreover, the statute specifically requires that the "alien has knowingly *made* a frivolous application for asylum. . . ." 8 U.S.C. § 1158(d)(6). The regulation imposes this same requirement, providing that the permanent bar under § 1158(d)(6) applies if there is

6

a finding that "the alien knowingly *filed* a frivolous asylum application." Reg. § 208.20. Finally, there must be a finding that a material element of the alien's asylum application was "deliberately fabricated." Reg. § 208.20.

Yet, in this case, the frivolousness finding was based on Kerpi's "total lack of credibility." Noticeably absent from the IJ's decision, which was adopted by the BIA, is any finding that Kerpi knew at the time she filed her application for asylum that a material aspect of her claim was untrue. Although the IJ found "dire contradictions" in Kerpi's story, he did not identify what he deemed to be the deliberate fabrication. Accordingly, we conclude that substantial evidence does not support the frivolousness finding and we will grant Kerpi's petition for review on that issue alone.

Finally, Kerpi challenges the BIA's denial of her motion to remand. We review the denial of a motion for remand for an abuse of discretion. *Shardur v. Ashcroft*, 382 F.3d 318, 324 (3d Cir. 2004). We conclude that the BIA did not abuse its discretion.